```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ROBERT MCCANN, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-5031 (JBS/JS) |
| v. | |
| NJ DEPT OF PERSONNEL, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Mr. Robert McCann
225 White Horse Pike
Chesilhurst, NJ 08089
　　Plaintiff appearing pro se

Jacqueline Augustine, Deputy Attorney General
Jennifer Marie Carlson, Deputy Attorney General
Office of the NJ Attorney General
RJ Hughes Justice Complex
P.O. Box 112
Trenton, NJ 08625
　　Counsel for Defendants New Jersey Department of Personnel,
　　Veteran's Haven, Cindy Leese, Robert Saulselin, Lean
　　McCloskey

**SIMANDLE**, District Judge:

　　This matter is presently before the Court on a motion to dismiss filed by Defendants New Jersey Department of Personnel, Veteran's Haven, Cindy Leese, Robert Saulselin, Lean McCloskey (collectively, "Defendants") [Docket Item 10] and Plaintiff's motion to amend his complaint [Docket Item 12].  For the reasons set forth below, the Court will grant in part and deny in part Defendants' motion to dismiss and deny Plaintiff's motion to amend without prejudice to Plaintiff filing a second motion to

amend.

## I. BACKGROUND

### A. Factual Allegations

Plaintiff's initial complaint and his proposed amended complaint set forth virtually identical factual allegations. According to Plaintiff, Defendants unlawfully fired him without a hearing. (Compl.; Proposed Am. Compl.) Plaintiff asserts that he was promoted from a temporary to a permanent part-time position after a probationary period and as a result his pay rose from $9 per hour to $11 per hour. (Id.) He claims that within one hour of this promotion, he was fired and another employee who had previously been fired "for numerous policy infractions" was re-hired to take his place. (Id.) Plaintiff further alleges that he was fired "based on allegations that [he] had fraud charges" pending against him, but that in fact he had brought his employers proof that there were no such charges. (Id.)

### B. Procedural History

Plaintiff filed his initial complaint in October 8, 2008, alleging that Defendants violated his rights to due process and equal protection and seeking relief under the Fair Labor Standards Act ("FLSA"), Title VII of the Civil Rights Act of 1969, and "U.S. Title 28 part V U.S. Title 440, US Title 710 [sic]." He sought relief in the form of lost wages, punitive damages, and an order reinstating his job. On April 27, 2009,

Defendants filed the present motion to dismiss, in which they argue that (1) Plaintiff's due process claim must be dismissed because he was an at-will public employee with no due process rights, (2) Plaintiff's equal protection claim must fail because he did not allege discrimination based on membership in a protected class, (3) Plaintiff's Fair Labor Standards Act claim has no factual basis, (4) Plaintiff's Title VII claim must be dismissed for failure to exhaust administrative remedies, and (5) all remaining claims for relief are without legal or factual basis.  Defendants attached to their reply brief a certification and a letter regarding Plaintiff's employment status.

Plaintiff opposed Defendant's motion to dismiss, but also submitted a motion to amend his complaint, to which he attached a proposed amended complaint.  Plaintiff's proposed amended complaint, as discussed above, includes virtually identical factual allegations, but drops Plaintiff's claims under Title VII, the FLSA (generally, instead alleging a specific violation of the Equal Pay Act), and the miscellaneous statutes listed at the end of his first complaint.  Instead, he seeks relief under 42 U.S.C. §§ 1981, 1982, and 1983, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, the Equal Pay Act, 29 U.S.C. § 206(d), and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. §§ 10:5-1 to - 49.  The relief he seeks in the amended complaint, however, remains the same.

Defendants opposed Plaintiff's motion to amend, arguing in essence that he has similarly failed to state a claim under NJLAD, Sections 1981, 1982, and 1983, the ADEA, or the Equal Pay Act.

Plaintiff having voluntarily dismissed his Title VII and FLSA claims by way of his proposed amended complaint, his remaining claims are for constitutional violations of his right to due process and equal protection, presumably pursuant to 42 U.S.C. § 1983.  He seeks to add claims under Sections 1981 and 1982, the ADEA, NJLAD, and the Equal Pay Act.

**II.  DISCUSSION**

    **A.  Standard of Review**

In its review of Defendants' motion to dismiss, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> Therefore, after Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1950.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. [] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35.

Fowler, 578 F.3d at 210-11.

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citation omitted). Further, the Court will review Plaintiff's pro se pleading with liberality, as required by the well-settled doctrines of Estelle v. Gamble, 429 U.S. 97, 106 (1976), and Haines v. Kerner, 404

5

U.S. 519, 520 (1972).

### B.   Eleventh Amendment Immunity

At various points in its briefing, Defendants argue that Plaintiff's claims are barred by the Eleventh Amendment and the doctrine of sovereign immunity.  It is certainly true that the Eleventh Amendment of the United States Constitution protects an unconsenting state and state officials from a suit brought in federal court by one of its own citizens.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Edelman v. Jordan, 415 U.S. 651, 663 (1974).  Congress can abrogate a state's sovereign immunity, but it did not do so when it enacted 42 U.S.C. § 1983, Quern v. Jordan, 440 U.S. 332, 345 (1979), the ADEA, Kimel v. Fl. Bd. of Regents, 528 U.S. 62 (2000), or the FLSA, Employees of Dept. of Pub. Health & Welfare v. Missouri Dept. of Pub. Health & Welfare, 411 U.S. 279, 284-85 (1972).  Furthermore, "The NJLAD does not contain the express language required to waive the State's immunity from suit in federal court."  Bennett v. City of Atlantic City, 288 F. Supp. 2d 675, 683 (D.N.J. 2003) (citing Rudolph v. Adamar of N.J., Inc., 153 F. Supp. 2d 528, 540-44 (D.N.J. 2001)).  Defendant the New Jersey Department of Personnel, is an arm of the state for purposes of Eleventh Amendment, and so Plaintiff's claims against the NJDOP are barred under the doctrine of sovereign immunity.  See Figueroa v. City of Camden, 580 F. Supp. 2d 390, 398 (D.N.J.

6

2008) (holding that the NJDOP is a state agency entitled to sovereign immunity) (citing Antonelli v. New Jersey, 310 F. Supp. 2d 700, 712-12 (D.N.J. 2004), aff'd 419 F.3d 267 (3d Cir. 2005)).

Defendants assertion of sovereign immunity for the remaining defendants, however, falters.  Defendants assert, without pointing to any legal authority (and the Court can find none), that Veterans Haven is a state agency and therefore an arm of the state for the purposes of Eleventh Amendment immunity.  In the absence of case law, the question of whether a particular body is an arm of the state is a fact-specific analysis that requires the Court to consider (1) the degree to which the agency is funded through the state treasury, (2) the status of the agency under state law, and (3) the degree of autonomy the agency enjoys, in order to determine whether permitting a federal suit against the agency would undermine the state's dignity. Cooper v. Southeast Pa. Transp. Auth., 548 F.3d 296, 302-310 (3d Cir. 2008). Moreover, "[t]he party asserting immunity bears the burden of production and persuasion." Febres v. Camden Bd. of Educ., 445 F.3d 227, 229 (3d Cir. 2006).  Consequently, it is not enough for Defendant Veterans Haven to simply assert that it is an arm of the state and entitled to sovereign immunity in this motion to dismiss.  Such an argument must be supported by facts and is more properly raised in a motion for summary judgment.  The Court is not in a position to rule on this question here.

Even assuming that Veterans Haven is entitled to Eleventh Amendment immunity, Plaintiff's claims against the individual defendants Cindy Leese, Robert Saulselin, and Lean McCloskey, are not barred by the Eleventh Amendment to the extent that Plaintiff seeks reinstatement at his job.  It is by now clear that the Eleventh Amendment permits suit against state officials for injunctive and declaratory relief to prevent ongoing or threatened violations of federal law.  Ex parte Young, 209 U.S. 123 (1908); Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, 178-79 (3d Cir. 2002).  Reinstatement of employment "is the type of injunctive, 'forward-looking' relief cognizable under Ex parte Young."  Koslow, 302 F.3d at 179 (find that plaintiff's request to have his employment reinstated by state officials was permissible relief under the Eleventh Amendment); Melo v. Hafer, 912 F.2d 628, 635-36 (3d Cir. 1990) (plaintiff's request for reinstatement was prospective relief and not barred by the Eleventh Amendment), aff'd by 502 U.S. 21 (1991).  Thus, assuming that the individual defendants are state officials, Plaintiff's monetary claims cannot survive, see Edelman, 415 U.S. at 667-68, but he may continue to seek reinstatement at Veterans Haven.

In sum, the Court finds that Plaintiff's claims against the NJDOP are barred by the Eleventh Amendment, but is unable to determine whether Veterans Haven is entitled to sovereign immunity at this time.  Even assuming Veterans Haven is entitled

to sovereign immunity, the Eleventh Amendment does not forbid Plaintiff's claims against the individual officials seeking reinstatement of employment at Veterans Haven.

### C. Due Process Claim

Defendants ask the Court to dismiss Plaintiff's due process claim, presumably made pursuant to 42 U.S.C. § 1983, on the grounds that Plaintiff was an at-will employee without a liberty interest in his position.  See Bd. of Regents v. Roth, 408 U.S. 564, 573 (1972).  Plaintiff responds that he was no longer an at-will employee at the time he was fired, but rather was given a permanent position (as he asserts in his complaint) -- an assertion that Defendants attack with a certification and a copy of a letter.  It is evident that Defendants attack on Plaintiff's due process claim turns on a factual dispute that would require the Court to look beyond the face of Plaintiff's complaint and therefore cannot be resolved on a motion to dismiss.  See Lum, 361 F.3d at 222 n.3.  Defendants are free to raise this argument through a motion for summary judgment, at which point Plaintiff will be required to submit evidence that he was a permanent employee at the time of his firing.

### D. Equal Protection Claim

Defendants seek dismissal of Plaintiff's claim that Defendants violated his right to equal protection, arguing that Plaintiff has not set forth any facts to support such a claim.

9

In response, Plaintiff states that all permanent employees of Veterans Haven may join a union, but because he was fired he was not able to join a union. This is not a claim for denial of equal protection. Presumably, all employees who are fired are unable to join the union (and Plaintiff has not suggested otherwise) and consequently Plaintiff has not alleged that he was treated differently from others similarly situated, as required to state a valid equal protection claim. See Engquist v. Oregon Dep't of Agric., 128 S. Ct. 2146, 2153 (2008). Instead, Plaintiff's inability to join the union was a harm he suffered as a result of his allegedly illegal firing. Plaintiff challenges his firing under the due process clause and not, apparently, under the equal protection clause of the Constitution.[1] The Court will dismiss Plaintiff's equal protection claims.

**E.   Motion to Amend**

Plaintiff seeks leave to amend his complaint to add discrimination claims under Sections 1981 and 1982,[2] the ADEA,

---

[1] As will be discussed below, elsewhere in Plaintiff's briefing he states that he is a fifty year-old African American man. He does not, however, state that similarly situated persons outside of his protected class were given hearings or took his vacated position -- the record does not include any information regarding the race or age of the employee who was allegedly given Plaintiff's job or the other employees at Veterans Haven.

[2] The Court has already liberally construed Plaintiff's original complaint to include claims under Section 1983, as this statute provides Plaintiff the private right of action to allege constitutional violations against state entities.

10

the Equal Pay Act, and NJLAD.  Defendants oppose his motion only on the grounds that amending his complaint would be futile because he has failed to state a valid claim for relief under any of these acts.  For the reasons discussed below, the Court will deny Plaintiff's motion to amend without prejudice to Plaintiff setting forth in a second proposed complaint sufficient allegations to support his charge of discrimination.

    Under Rule 15(a)(2), Fed. R. Civ. P., "the court should freely give leave [to amend the complaint] when justice so requires."  Although "the grant or denial of an opportunity to amend is within the discretion of the District Court, . . . outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of that discretion." Foman v. Davis, 371 U.S. 178, 182 (1962).  Among the legitimate bases for denying a plaintiff the opportunity to amend the complaint are "substantial or undue prejudice, . . . truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment."  Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (citation omitted).  The standard of legal sufficiency set forth in Rule 12(b)(6), Fed. R. Civ. P., determines whether a proposed amendment would be futile.  In re Burlington Coat Factory Litigation, 114 F.3d 1410, 1434 (3d Cir. 1997).  Accordingly, an amendment is futile where the complaint, as amended, would fail

11

to state a claim upon which relief could be granted.  <u>Id.</u>

Although Plaintiff seeks to bring new claims of discrimination based on race, under Sections 1981 and 1982 and NJLAD, age, under the ADEA, and gender, under the Equal Pay Act, neither his present complaint nor his proposed amended complaint include any facts to support any of his discrimination claims.  He has not alleged that he is a member of a relevant protected class nor that he was fired due to his race or age (or provided any facts that would support an inference of discrimination).  He has not alleged that he was paid lower wages than female employees.  In fact, neither complaint makes mention of his race, age, or gender.  The Court gathers from Plaintiff's opposition to Defendants' motion to dismiss that he is a fifty year-old African American male, (Pl. Opp'n at 5), but the Court cannot tell whether Plaintiff is accusing Defendants of discriminating against him based on those immutable traits, and if so, what facts support such a charge.  Therefore, the Court will deny Plaintiff's motion to amend, but will provide Plaintiff with one final opportunity submit a second motion to amend, including a second proposed amended complaint that sets forth any claims of discrimination along with all the facts that support such a claim, consistent with the discussion above.

**III. CONCLUSION**

For the foregoing reasons, the Court will grant in part and deny in part Defendants' motion to dismiss.  The Court will dismiss all of Plaintiff's claims against the New Jersey Department of Personnel as well as his equal protection claim. The Court will further dismiss Plaintiff's claims under Title VII, the FLSA, and the miscellaneous provisions listed at the end of his complaint, in light of Plaintiff's decision to voluntarily abandon those claims.  At this stage, Plaintiff may proceed with his due process claim under 42 U.S.C. § 1983 against Veterans Haven and the individual defendants, though Defendants may continue to assert Eleventh Amendment immunity and argue that Plaintiff lacked a liberty interest in his employment in a motion for summary judgment.  Finally, the Court will deny Plaintiff's motion to amend his complaint to add claims under Sections 1981 and 1982, the ADEA, NJLAD, and the Equal Pay Act, without prejudice to Plaintiff filing a second motion to amend that includes sufficient facts to support a claim of discrimination under the listed statutes.


**November 17, 2009**                     　s/ Jerome B. Simandle
Date                                        JEROME B. SIMANDLE
                                            United States District Judge