RECEIVED
JUN -7 2010

Robert McCann                                          Civil Case No. 08-5031 (JBS (JS)

    Vs                                               **UNITED DISTRICT COURT**
Veterans Haven et al                                   **CAMDEN NEW JERSEY**


**The Honorable (JBS/JS) Presiding**


*In Response to Defendants letter dated May 28 2010, Plaintiff answers in the following:*


This letter disputes the facts asserted by the defendants and their attorneys in the following:

### Title 7

1. Defendants argue that Title 7 claims must be dismissed for failure to file with EEOC, when in fact the statute requires an exhaustion of all administrative remedies.

    After filing a complaint with the Dept of Personnel and a hearing never granted, The Dept of Personnel never informed plaintiff that it scheduled any such hearing or review; plaintiff was never given an opportunity to provide documents, or affidavits of witnesses who could testify in his behalf.

    Plaintiff then filed a complaint and request for a hearing with the Merit System Board and was told that he was not afforded a hearing.

    If the complaint or request for a hearing alleged the plaintiff was hired and not at will, then a hearing should have been convened to determine what status the plaintiff actually was, federal law provides

(a) Employer practices

It shall be an unlawful employment practice for an employer -

    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or



(2) To limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

d) Training programs

It shall be an unlawful employment practice for any employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs to discriminate against any individual because of his race, color, religion, sex, or national origin in admission to, or employment in, any program established to provide apprenticeship or other training.

Plaintiff alleges that he was hired and is African-American, that he did his job positively in such a manner that the employer expected, and that he was fired, and was replaced by a younger Hispanic employee who was rehired who initially plaintiff was hired to replace, this violated federal law, whether or not plaintiff was probationary in which he disputes or hired he should be afforded under law due process rights, where's the due process in this matter no hearings no appeal.

Plaintiff was paid $9.00 per hour and others including females where paid $11.00 per hour this violated the Equal Pay Act.

**McCann who was over 40 was getting paid less than a female of similar stature and was replaced by a younger Hispanic worker**

**Plaintiff exhausted all administrative remedies and was not afforded any relief or any avenue of grievance**

Plaintiff's initial claim was in response to the defendant's circumvention of his right to appeal and request a hearing per the collective bargaining agreement between the State of New Jersey and the union, which provides by policy for probationary employees and those who are terminated without good cause, defendants are not an arm of the state as they initially claimed and employ more than 15 employees, plaintiff filed an appeal with the department of personnel and was denied a hearing, plaintiff then filed an appeal with the Merit System Board and was again denied a hearing, plaintiff exhausted administrative remedies and then filed a complaint in district court based on a federal question of a violation of due process, if in fact a federal law was broken, plaintiff should have the right to file for injunctive relief in distinct court.

Justice Ginsburg observed that, unlike a question of federal court jurisdiction, which can be resolved by a court pursuant to a Rule 12(b)(1) motion, a disputed issue as to an element of the plaintiff's claim for relief is often a jury question: "...[I]n some instances, if subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own...If satisfaction of an essential element of a claim for relief is at issue, however, the jury is the proper trier of contested facts." 546 U.S. __, ___ (2006) (slip op., at 12-13) (citations omitted).

With respect to defendants claim that Title 7 claims should be dismissed plaintiffs challenges that assertion, the right to sue in district court on a federal question is a basic fundamental right, for example, some actions in employment discrimination, labor law require exhaustion of administrative remedies before before commencing a civil action in federal court and per the policy adopted by the state a hearing must be convened, whether its probationary employees or employees who were fired without cause, with respect to probationary employees there is a time frame in which the employer must adhere to and there are certain informative obligations before such a termination of an at will employee can be initiated, the process calls for a review of probationers progress and if negative, corrective actions are to be assigned, in the case of a positive review if the employer decides to terminate at will it must be documented 5 days prior to such termination and the employee must be notified

Plaintiff alleges that he was hired so he wasn't a probationary employee at the time of his termination, he further alleges that as a probationary employee he was given a positive progress report before he was hired, so defendants have no legal validity either way, an action by the defendant requires due process and violating due process defines this matter as a federal question, other employees who were female and terminated where given hearings and reinstated because the defendants failed to follow the union agreement with the state, the employee who was rehired to replace plaintiff was younger and Hispanic and was fired for policy infractions, this has never happened before, as it appears to be a practice that is totally out of sync with what the state requires, the Department of Personnel's Cindy Leese does not have the authority to rehire an employee who was fired and reinstate him into a position that was already filled by the plaintiff, it's ludicrous to think this policy is legal, there must be an application for rehiring and based on what the employee was fired for, he may not be re-hirable, in any event a fired employee cannot replace a hired employee without just cause and the employer informing the terminated employee of the actions it has taken, all employees have rights

1. Under the law defendants can be sued individually along with Veterans Haven as alleged in plaintiff's complaint (see earlier ruling by the honorable Judge Simandle)

2. Plaintiffs equal pay act qualifies due to women who were on a probationary status and permanent in their position and where given a higher rate of pay then plaintiff.



3. Other $11.0 Plaintiff $9.00, defendants admitted to the mistake and offered a raise to $11.00 but it was not Retroactive

**34:13A-5.7. Discrimination between nonmembers and Members on basis of payment of fee; unfair practice.**
Any action engaged in by a public employer, its representatives or
Agents, or by an employee organization, its representatives or
Agents, which discriminates between nonmembers who pay the
Said representation fee and members with regard to the payment of
Such fee other than as allowed under this act, shall be treated as an
Unfair practice within the meaning of subsection 1(a) or subsection
1(b) of this act.
L. 1979, c. 477, s.

The court is required to afford plaintiff Pro Se certain latitude in regards to the pleadings, opposing council should be admonished and/or sanctioned for its highly prejudicial name calling, which is an attempt to frustrate the court, due to the pleadings of a pro se litigant.

The opposing council should be very careful when attempting to prejudice the court against pro se litigants, with its depiction of Pro Se litigant, it's not something that should be tolerated, opposing counsels own statements are meant to belittle and humiliate an individual who is not an attorney but has every right to heard in court, such statements as, conclusionary statement that are bereft of any citation or legal authority, and nonsensical or without argument are meant to illustrate to the court that pro se plaintiff does not know the law, well according to the rules of civil procedure he is exempted from certain stringent applications of the law in regards to his pleadings.

It is also apparent that Veterans Haven and its employee enjoy considerable awards for the government in which federal law already applies to their employment practices specifically hiring firing, which should in fact give any employee hired by them or fired by them the right to apply for relief in federal Court on a federal question, so the question becomes is violating due process a federal question, and more specifically if agencies are receiving federal money is an EEOC filing mandatory.

### ADEA

The ADEA covers all private employers with 20 or more employees, state and local governments (including school districts), employment agencies and labor organizations.

The Age Discrimination in Employment Act is the federal law governing age discrimination It was enacted in 1967 to promote the employment of older workers based on ability rather than age, McCann was over 40 and according to favorable progress reports was an outstanding employee, but never-the less was replaced by a younger re-hired employee, who he had been hired to replace

(4)

**Equal Pay Act**

The law provides (in part) that:

> No employer having employees subject to any provisions of this section [section 206 of title 29 of the United States Code] shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs[,] the performance of which requires equal skill, effort, and responsibility and which are performed under similar working conditions,

**Liberty Interest**

Although defendants have not motioned for summary judgment and claim that defendant plaintiff lacked a liberty interest, in the interest of saving the court time and the defendant who is indigent, money to answer a motion for summary judgment, the plaintiff asserts that he has a liberty interest

To establish a claim for the deprivation of a liberty interest, a plaintiff must prove the following: (1) that the plaintiff was discharged; (he was in fact discharged by the defendants)

(2) Stigmatizing or defamatory charges were made against the plaintiff in connection with the discharge; (defendants alleged a fraud charge)

(3) That the charges were false; plaintiff submitted document proving the charges were false
(4) That, no meaningful public hearing was conducted no hearing was ever convened or scheduled pre-discharge; (no)

(5) That the charges were made public; (plaintiff was a councilmen at the time of his employee the news traveled fast back to his municipality)

(6) That plaintiff requested a hearing in which to clear his name; (in which he did states on the face of the complaint)

(6) Plaintiff's request was denied. It was denied

Rosenstein v. City of Dallas, 876 F.2d 392, 395-

96 (5th Cir. 1990).

For these reason we ask that the court consider plaintiffs liberty interest before dismissing the complaint

(5)

## USC 1983

The Court has already liberally construed Plaintiff's original complaint to Include claims under Section 1983, as this statute provides Plaintiff the private right of action to allege constitutional violations against state entities and the voluntary removal of an FLSA claim was a mistake, so be it I'm not an attorney

To the extent that plaintiff is not an attorney and is not good at pleadings, he understands that the court in its discretion will make the final decision on what claims are to be allowed and what claims are to be dismissed, plaintiff would ask that the court be fair and impartial and respective of plaintiffs pro se status which does not allow the court to show favor but obligates the court to afford certain latitude's.

Therefore It is plaintiff's contention that this matter is a triable issue based on the disputed facts and that the motion to dismiss be denied and a jury be convened to hear this matter as provided by law

I swear that the statements are true and I know that if any of the statements are willfully false that I am subject to fines and penalties under the law

Robert McCann ___*[signature]*___ Date 05/4/10

(6)

## Proof of Service

I swear that I have sent a copy of this complaint to Defendants Attorneys on this date of 05/5/10 at the address of 25 Market St Trenton N.J 08625 Office of the Attorney General State of N.J

Attn: Anurd Yi

/s/ Pat McC——

Date/ 05/05/10

225 White Horse Pike
Chesilhurst NJ 08089

U.S. District Court
4th + Cooper St
Camden N.J. 08102
Attn: Court Clerk

RECEIVED
JUN - 7 2010