```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

```
                              :
ROBERT MCCANN,                :       HON. JEROME B. SIMANDLE
                              :
          Plaintiff,          :       Civil No. 08-5031 (JBS/JS)
                              :
     v.                       :
                              :       MEMORANDUM OPINION
VETERANS HAVEN, et al.        :
                              :
          Defendant.          :
                              :
```

**SIMANDLE**, District Judge:

This matter is before the Court on a motion filed by the Attorney General of New Jersey on behalf of all Defendants to dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P., and for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. [Docket Item 34.]  THE COURT FINDS AS FOLLOWS:

1. On March 19, 2010, Plaintiff filed a motion to amend his Complaint.  [Docket Item 30.]  Defendants did not object to this amendment, and on March 29, 2010, Magistrate Judge Schneider granted Plaintiff's motion.  [Docket Item 31.]

2. The Amended Complaint's statement of facts reads in full: "Defendants hired and fired plaintiff on the very same day, without cause and by circumventing proper procedures regarding employee terminations, defendants violated equal pay act by not paying plaintiff the $11.00 per hr that was required, defendants discriminated against plaintiff because of his age and race thus

violating plaintiffs [sic] rights."  (Mot. to Amend Compl. 2.)

The Plaintiff sought relief under the Age Discrimination in

Employment Act (ADEA), the Equal Pay Act (EPA), and "Civil Rights

act."  Based on the parties' filings and because the factual

allegations are related to employment, the Court understands the

Amended Complaint to be referring to Title VII of the Civil

Rights Act of 1964.

3. On May 3, 2010, Defendants New Jersey Department of

Personnel, Cindy Leese, Robert Saulstein, Veterans Haven, and

Leanne McCloskey filed a motion to dismiss pursuant to Fed. R.

Civ. P. 12(b)(1) and 12(b)(6), arguing, among other things, that

Plaintiff failed to present his claims to the Equal Employment

Opportunity Commission (EEOC) as required for Title VII and ADEA

claims.  [Docket Item 34.]  Plaintiff and Defendants have

exchanged briefs and the Court will now decide Defendants'

motion.[1]

---

[1]  The Court will determine whether the amended Complaint
states a claim against any Defendant in its role as employer,
because there is no basis under Title VII, the ADEA, or the EPA
for Plaintiff's claims against Defendants as individuals.  See
Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1078
(3d Cir. 1996)) ("Neither Title VII nor the ADEA provide a basis
for individual liability."); Wardlaw v. City of Phila. Streets
Dept., No. 09-3666, 2010 WL 1718714, at *2, (3d Cir. April 29,
2010) (citing Martin v. Easton Publ'g Co., 478 F. Supp. 796, 799
(E.D. Pa. 1979) (stating that claims under Title VII and EPA were
not actionable against individuals); Pizio v. HTMT Global
Solutions, No. 09-1136, 2009 WL 6527591, at *3 (D.N.J. May 26,
2009) (citing Hill v. Borough of Kutztown, 455 F.3d 225, 246 n.29
(3d Cir. 2006)).

4. Defendants' argument that Plaintiff failed to exhaust all administrative remedies as required for his Title VII and ADEA claims is not a jurisdictional issue.  Ruehl v. Viacom, Inc., 500 F.3d 375, 384 (3d Cir. 2007) (concerning ADEA); Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 392-98 (1982) (concerning Title VII)).  Therefore, the proper grounds to bring a motion to dismiss for failure to exhaust is under Rule 12(b)(6) rather than Rule 12(b)(1).  Robinson, 107 F.3d at 1021-22.

5. "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citations omitted).  A court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such as entitlement with its facts."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citations omitted).

6. The "prerequisites to a suit under Title VII are the filing of charges with the EEOC and the receipt of the Commission's statutory notice of the right to sue."  Ostapowicz

3

v. Johnson Bronze Co._, 541 F.2d 394, 398 (3d Cir. 1976).
Likewise, the ADEA states: "No civil action may be commenced by
an individual under this section until 60 days after a charge
alleging unlawful discrimination has been filed with the Equal
Employment Opportunity Commission."  29 U.S.C. § 626(d).  While
Title VII and the ADEA address different types of discrimination,
"when there is no material difference in the question being
addressed," case law addressing these statutes may be used
interchangeably.  Newman v. GHS Osteopathic, Inc., 60 F.3d 153,
157 (3d Cir. 1995).  "A complaint does not state a claim upon
which relief may be granted unless it asserts the satisfaction of
the precondition to suit specified by Title VII: prior submission
of the claim to the EEOC for conciliation or resolution."
Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) (quoting
Hornsby v. United States Postal Serv., 787 F.2d 87, 90 (3d Cir.
1986)).  The absence of some showing of administrative exhaustion
or a reason to toll or waive the prerequisite can lead to
dismissal.  See e.g. Barnes v. Rozman, 107 F. App'x 273, 274-75
(3d Cir. 2004)  (affirming dismissal of Title VII claims).

    7. Plaintiff's complaint does not assert that his ADEA or
Title VII claims have been administratively exhausted;
specifically, he does not allege that he presented his claims to

the EEOC or received notice of his right to sue.[2]  Plaintiff has

also failed to give any reason in his Complaint that would

justify waiving the prerequisite, so Defendants' motion to

dismiss for failure to state a claim will be granted.

8. Unlike ADEA or Title VII claims, Equal Pay Act (EPA)

claims do not have to be filed with the EEOC.  Ledbetter v.

Goodyear Tire & Rubber Co., Inc., 550 U.S. 618, 640 (2007),

superceded by statute on other grounds as stated in Mikula v.

Allegheny County of Pa., 583 F.3d 181, 184 (3d Cir. 2009) ("[T]he

EPA does not require the filing of a charge with the EEOC or

proof of intentional discrimination.").  To state a prima facie

case for unequal pay, a plaintiff must show he or she and a

member of the opposite gender "(1) worked in the same

establishment; (2) received unequal wages; (3) for work that was

equal in terms of skill, effort, and responsibility; and (4) that

was performed under similar working conditions."  Tillman v.

Pepsi Bottling Group, Inc., 538 F. Supp. 2d 754, 773 (D. Del.

---

[2]  Although not part of the Complaint, in one of Plaintiff's
filings related to this matter he seems to believe that because
he sought a remedy within the Department of Personnel and the
Merit System Board, he therefore exhausted all administrative
remedies and met the prerequisite.  (Pl.'s Response to Def.'s
Letter, June 7, 2010, 1.)  While state Fair Employment Practice
Agencies (FEPA) can substitute for the EEOC, in New Jersey the
FEPA is the New Jersey Division on Civil Rights, see 29 C.F.R. §§
1601.70, 1601.74, and a showing must still be made that a
plaintiff filed his or her discrimination charge within the
statutory period.  Watson v. Eastman Kodak Co., 235 F.3d 851, 854
(3d Cir. 2000).

2008).

9. In Plaintiff's Amended Complaint he does not allege that a female coworker received greater wages for similar work, so this Equal Pay Act claim will be dismissed for failure to state a claim.[3]

10. In sum, Defendants' motion to dismiss will be granted under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  The accompanying order shall be entered.


**August 9, 2010**                          **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            United States District Judge

_____

[3]  The Court acknowledges that in Plaintiff's June 7, 2010 filing he alleges that he "was getting paid less than a female of similar stature."  (Pl's Response to Def.'s Letter, June 6, 2010, 2.)  However, this allegation was not part of his Amended Complaint.  As described above, see supra ¶ 5, as well as in the Court's November 17, 2009 opinion in this case, see McCann v. N.J. Dept. of Personnel, No. 08-5031, 2009 WL 4125372, at *5 (D.N.J. Nov. 17, 2009), to survive a motion to dismiss, Plaintiff's Amended Complaint needs to contain sufficient facts to support a claim.  In the November 17, 2009 opinion, the Court explained that it was denying a proposed amendment that included an Equal Pay Act claim because Plaintiff failed to allege that he was paid less than female employees.  The Court allowed Plaintiff to propose another amendment but instructed him to set forth his claims "along with all the facts that support such a claim" in an amended complaint.  Plaintiff was aware of this requirement, but failed to include these allegations in its Amended Complaint.  In other words, Plaintiff has not set forth any facts demonstrating the grounds for his claim that he was being paid less than a comparable female employee, such as her name, position, and comparable level of experience.