```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ROBERT MCCANN, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-5031 (JBS/JS) |
| v. |  |
| VETERANS HAVEN, et al. | **MEMORANDUM OPINION** |
| Defendant. |  |

**SIMANDLE**, District Judge:

    This matter is before the Court on Plaintiff's motion for "Consideration for Reinstatement." [Docket Item 42.] THE COURT FINDS AS FOLLOWS:

    1. Plaintiff's motion seeks both reconsideration of the Court's August 9, 2010, Order dismissing his Amended Complaint [Docket Item 41] and, in the alternative, leave to file a new amended complaint. The Court will consider Plaintiff's arguments for both results.

    2. Plaintiff requests reconsideration of the dismissal of his Amended Complaint for failure to state a claim, arguing that, as a pro se litigant, the Court should have afforded him greater latitude when considering his "inadequa[te]" pleadings. (Pl.'s Br. at 3.) Plaintiff's argument boils down to an assertion that the Court should not dismiss a claim from a pro se plaintiff that is "fundamental[ly]" sound merely on the basis of "technical" deficiencies such as the sufficiency of pleadings under Rule 8,

Fed. R. Civ. P.  (Pl.'s Br. at 1-2.)

    3.  Local Civil Rule 7.1(i) governs the Court's review of Plaintiff's motion for reconsideration.  Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. L. Civ. R. 7.1(i).  To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).  To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." <u>P. Schoenfeld Asset Management LLC v. Cendant Corp.</u>, 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted).

    4.  Plaintiff's argument for reconsideration fails under this standard.  He does not point to any new evidence or changes in controlling law, so the Court will interpret his argument as a claim that the Court's dismissal merits reconsideration under the third prong of <u>Max's Seafood</u>, where Plaintiff's burden is to show "dispositive factual matters or controlling decisions of law

[that] were brought to the court's attention but not considered." P. Schoenfeld, 161 F. Supp. at 353.  The Court finds that Plaintiff's status as a pro se litigant, even if construed as a "dispositive factual matter," was understood and considered by the Court in its August 9, 2010, Memorandum Opinion and Order.  Indeed, the Court has noted that Plaintiff was proceeding pro se at least as far back as the Court's November 17, 2009 Opinion and Order [Docket Items 16 & 17], where the Court explained that it would "review Plaintiff's pro se pleading with liberality, as required by the well-settled doctrines of Estelle v. Gamble, 429 U.S. 97, 106 (1976), and Haines v. Kerner, 404 U.S. 519, 520 (1972)."  McCann v. N.J. Dept. of Personnel, Civil No. 08-5031, slip op., 2009 WL 4125372, at *5-6 (D.N.J. Nov. 17, 2009).

5.  Further, even considered on its merits anew, Plaintiff's argument fails.  The Court's Memorandum Opinion of August 9, 2010, did not hold Plaintiff to an unnecessarily technical set of requirements.  The Court found that Plaintiff had not alleged enough facts to show that the Defendants had violated the statutes under which the Plaintiff sought relief. McCann v. Veterans Haven, Civil No. 08-5031, slip op., 2010 WL 3155211, at *6 (D.N.J. Aug. 9, 2010)  Even liberally construing Plaintiff's First Amended Complaint, the Court could not permit Plaintiff's claim to survive Defendant's Fed. R. Civ. P. 12(b)(6) motion because Plaintiff did not include any allegations in his

complaint that, for example, a female employee of Defendant Veterans Haven was being paid more than Plaintiff for doing substantially similar work. (Id.)  Consequently, Plaintiff's motion for reconsideration will be denied.

    6.  Plaintiff also moves the Court for leave to amend his First Amended Complaint.  The Court will deny this request as futile because, like Plaintiff's previously dismissed First Amended Complaint, Plaintiff's proposed Second Amended Complaint fails to allege sufficient facts to state a claim on which relief can be granted.

    7.  Rule 15(a)(2), Fed. R. Civ. P., provides that leave to amend should be freely given when justice so requires.  Leave to amend can be given, "even after judgments of dismissal have been entered."  Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J., 907 F.2d 1408, 1417 (3d Cir. 1990).  However, leave to amend is not automatically given, but is reserved to the discretion of the district court upon consideration of certain specific factors.  Toll Bros., Inc. v. Township of Readington, 555 F.3d 131, 144 n.10 (3d Cir. 2009).  Among the legitimate reasons to deny a motion to amend is that the amendment would be futile.  Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (citation omitted).  Futility is determined by the standard of legal sufficiency set forth in Rule 12(b)(6), Fed. R. Civ. P.  In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).  Accordingly,

an amendment is futile where the complaint, as amended, would fail to state a claim upon which relief could be granted.  Id.

8.  In its August 9, 2010, Memorandum Opinion, the Court granted Defendants' Rule 12(b)(6) Motion to Dismiss, finding, inter alia, that Plaintiff did not allege sufficient facts to state a claim under the Equal Pay Act (EPA), 29 U.S.C. § 206(d). "Plaintiff has not set forth any facts demonstrating the grounds for his claim that he was being paid less than a comparable female employee, such as her name, position, and comparable level of experience."  McCann, 2010 WL 3155211, at *6 n.3.

9.  In his proposed Second Amended Complaint, Plaintiff seeks relief again under the EPA.[1]  (Proposed Am. Compl.)  The proposed Amended Complaint's statement of facts reads in full: "In 2007 While plaintiff was an [sic] employed at Veteran's Haven, the defendants violated his constitutional right [sic] by paying him $9.00 per hour which was less than female workers, $11.00 per hour, who were probationary, similar to plaintiff."

---

[1] Plaintiff also lists the Fair Labor Standards Act (FLSA) as a source of relief for his claim, though he does not cite to a particular provision of the FLSA.  The Court notes that the FLSA, 29 U.S.C. § 201 et seq., provides multiple causes of action, including federal minimum wage protections (29 U.S.C. § 206(a)), the prohibition against child labor (29 U.S.C. § 212), the retaliatory protections of 29 U.S.C. § 218, and even the Equal Pay Act itself (29 U.S.C. § 206(d)).  Given that the Plaintiff's allegations do not suggest violations of any of these other provisions of the FLSA, the Court will treat the proposed Second Amended Complaint as only attempting to state a claim under the EPA.

5

(Proposed Am. Compl.)  This conclusory statement is insufficient to state a claim under the EPA.

10.  As stated in the Court's August 9, 2010, Memorandum Opinion, in order to state a claim for a violation of the EPA, a plaintiff must allege specific facts sufficient to show he or she and a member of the opposite gender "(1) worked in the same establishment; (2) received unequal wages; (3) for work that was equal in terms of skill, effort, and responsibility; and (4) that was performed under similar working conditions." Tillman v. Pepsi Bottling Group, Inc., 538 F. Supp. 2d 754, 773 (D. Del. 2008).  Thus, to sufficiently allege the third and fourth elements, Plaintiff must plead some facts such as job titles and duties that shed light on whether the work was "of substantially equal skill, effort and responsibility, under similar working conditions." Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000).

11.  Here, Plaintiff's proposed Second Amended Complaint simply states that he was paid $9.00 per hour during his probationary employment, for an unidentified set of tasks, and that some unidentified female employees were paid $11.00 per hour while also probationary.  Plaintiff does not allege facts showing that his probationary work was substantially equal in terms of skill, effort, and responsibility or under similar working conditions as the probationary work of the unidentified female

6

workers to which he refers.  Plaintiff's allegations do not even rise to the level of reciting the claim's legal elements, much less alleging facts underlying those elements.  See Unger v. City of Mentor, slip op., 2010 WL 2842742 at *5 (6th Cir. July 21, 2010) (affirming dismissal of EPA claim that cited "nothing more than the claim's legal elements, neglecting to provide any factual basis in support").  Consequently, the Court will deny Plaintiff's motion to amend his complaint.

    12. In sum, the Court will deny Plaintiff's motion for reconsideration because it does not meet the standard under Rule 15(a), Fed. R. Civ. P., and will deny Plaintiff's motion to amend because the amendment would be futile.  The accompanying order shall be entered.


**October 18, 2010**                   **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                      United States District Judge